# In the United States Court of Federal Claims

No. 17-1910V

(Filed Under Seal: July 6, 2020)

(Reissued: July 21, 2020)[1]

| | |
|---|---|
| **************************************** | |
| EMILY MIDDLETON, | |
| Petitioner, | Vaccine Act Case; Review of Claim for Attorneys' Fees and Costs; Reasonable Basis for Filing; Recovery of Fees by Unsuccessful Petitioner, Standard of Review. |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| **************************************** | |

*Michael G. McLaren*, with whom was *Chris J. Webb,* Black McLaren Jones Reyland & Griffee, PC, Memphis, Tennessee, for Petitioner.

*Daniel A. Principato,* with whom were *Joseph H. Hunt,* Assistant Attorney General, *C. Salvatore D'Alessio,* Acting Director, Torts Branch, Civil Division, *Catharine E. Reeves*, Deputy Director, Torts Branch, Civil Division, *Alexis B. Babcock*, Assistant Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

### OPINION AND ORDER

WHEELER, Judge.

---

[1] Pursuant to Rule 18(b) of the Court's Vaccine Rules, this opinion and order was initially filed under seal. As required under the Rules, each party was afforded 14 days from the date of issue, until July 20, 2020, to object to the public disclosure of any information furnished by that party. Because neither party submitted any proposed redactions, this public version is identical to the sealed version save for date and line justification corrections.

This case is before the Court on Respondent's Motion for Review of the Special Master's decision granting Petitioner's motion for attorneys' fees and costs. Middleton v. Sec'y of Health & Human Servs., No. 17-1910V, 2020 WL 748696 (Fed. Cl. Spec. Mstr. Jan. 6, 2020) ("Fee Decision"). For the reasons explained below, the Court affirms the Special Master's decision.

## Background

On December 8, 2017, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1-34 ("Vaccine Act"). She claimed that one or more of the Human Papilloma Virus ("HPV") vaccinations administered to her on May 28, 2015, August 14, 2015, and February 29, 2016, had caused or significantly aggravated her Rheumatoid Arthritis ("RA") and other neurologic and physical injuries. She filed medical records shortly thereafter, which laid out a history of medical issues and treatment leading to her diagnosis. Dkt. No. 7. Respondent filed the requisite Vaccine Rule 4(c) Report in August 2018, stating it was the Government's position that Petitioner had failed to establish sufficient proof of causation to justify compensation under the Act. Dkt. No. 28. On August 31, 2018, the Special Master ordered Petitioner to file an expert report by October 30, 2018. Dkt. No. 29. Over the next few months, Petitioner filed motions for extensions of time to file the expert report, indicating difficulty in deciding how to proceed. In April 2019, Petitioner filed a motion for dismissal without filing an expert report, explaining that she had "been unable to secure evidence to prove entitlement to compensation." Dkt No. 37. The Special Master dismissed her Petition on April 30, 2019. Dkt. No. 38.

On May 31, 2019, Petitioner filed a motion for attorneys' fees and costs, stating without offering evidence that she had a reasonable basis for filing her Petition. Dkt. No. 42. In the response, the Government objected to payment of any fees and costs due to Petitioner's lack of reasonable basis to file. Dkt. No. 44. Petitioner filed a reply on June 21, 2019, and to support her reasonable basis claim, included a letter from Paul Utz, M.D., a doctor whom she had consulted prior to filing suit. The letter explained that prior to the filing of this suit he had conducted a "review of the timeline provided by Petitioner's counsel, which indicated development of significant RA approximately 5 months after the second HPV vaccination, and associated case law…." The doctor then advised Petitioner's counsel that it was "reasonably justifiable to pursue the case further." Dkt. No. 46-3. Petitioner also filed a vaccine package insert listing RA among others as a reported condition following the HPV vaccine. Dkt. No. 46-2. In January 2020, the Special Master issued her Fee Decision, finding that Petitioner did have a reasonable basis to file, and awarding Petitioner the sum of $35,773.07 in fees and costs, which was a small reduction from the amount requested by Petitioner. Respondent has timely filed a Motion for Review, objecting to any award due to lack of reasonable basis to file the case. Dkt. No. 48. The Motion for Review has been fully briefed and is now before this Court.

Law Governing Recovery of Fees

The Vaccine Act permits the award of attorneys' fees and costs even for unsuccessful petitioners, if the Special Master or Court determines that the petition was brought in good faith and also that there was a "reasonable basis" for the claim. 42 U.S.C. § 300aa-15(e)(1). The question of reasonable basis for the claim is the focus of this review, since Petitioner's good faith in filing is not challenged. An unsuccessful petitioner seeking fees has the burden to affirmatively demonstrate that the petition has a reasonable basis. McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 304 (2011) citing Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994). The statute sheds no further light on the meaning of "reasonable basis" in this context; however, some guidance is provided by the fact that "[n]umerous special masters, as well as this court, have held that reasonable basis is an objective standard determined by the 'totality of the circumstances.'" Chuisano v. United States, 116 Fed. Cl. 276, 286 (2014) (citations omitted). And in Simmons v. Sec'y of Health and Human Servs., 875 F.3d 632 (Fed. Cir. 2017), the Federal Circuit recently clarified this standard. While determination of good faith is a subjective judgment, reasonable basis is determined on an objective basis, inquiring as to evidentiary support for the claim described in the petition. Id. at 636. "A claim can lose its reasonable basis as the case progresses." R.K. v. Sec'y of Health & Human Servs., 760 F. App'x 1010, 1012 (citing Perreira, 33 F.3d at 1376-77).

Special Master's Decision

In reviewing Respondent's objections to a fee award, the Special Master acknowledged Petitioner's burden to show that the petition had a reasonable basis for filing, and in doing so, provide support in medical records or medical opinion. Fee Decision at *6. The Special Master reviewed Petitioner's arguments that there was a reasonable basis to file because (1) there were other cases in the Vaccine Court where petitioners were awarded compensation in favor of claims involving RA and related conditions following HPV, (2) the vaccine manufacturer's package insert listed RA as a reported condition following vaccination, and (3) an independent medical expert, Dr. Utz, had reviewed Petitioner's records and case law prior to filing the case and advised her that "it was reasonably justifiable to pursue the case further." Id. at *7. Petitioner explained that she had been unable to use Dr. Utz as an expert witness after filing, due to his schedule, and this was what prompted the dismissal.

After reviewing the arguments, the Special Master concluded that Petitioner had shown a reasonable basis for filing her claim, focusing on two pieces of evidence in particular. The Special Master was persuaded by Petitioner's use of an expert to conduct a review and make a recommendation prior to filing. The Special Master noted that "[t]his is the exact prefiling investigation that will save the Program and all parties involved time, money, and resources." Fee Decision at *8. The Special Master also found persuasive the

vaccine package insert listing RA as a reported condition following vaccination. Id. As to Respondent's argument that none of Petitioner's treating physicians had linked her condition to her HPV vaccinations, the Special Master observed that absence of such a link is the rule and not persuasive of reasonable basis. Finally, the Special Master found it notable that Respondent had not raised the reasonable basis issue during the entitlement portion of this case, raising it for the first time in response to Petitioner's motion for fees.

### Arguments

### Motion for Review

In seeking review of the Special Master's award, Respondent argues that the Special Master impermissibly shifted the burden of proof on reasonable basis to Respondent. Respondent also maintains that the Special Master was wrong to fault Respondent for failing to raise the reasonable cause issue during the entitlement phase of the case, arguing that reasonable basis for filing is not relevant during that portion. Further, the Special Master "failed to apply the appropriate evidence standard" in evaluating Petitioner's reasonable basis to file. Resp. Mem. of Objections, Dkt. No. 49 at 9. In this connection, Respondent points out that, in finding that there was reasonable basis, the Special Master relied on a one-page expert report written and filed after dismissal of the Petition, together with a vaccine package insert. Respondent emphasized that "…the special master does not (and could not) provide a single citation to petitioner's medical records that would show objective evidence that her symptoms were in any way related to the vaccines she received." Id. Finally, Respondent argues that the Special Master incorrectly discounted the weight that should be given to the fact that no treating physicians in this case linked Petitioner's condition to the vaccinations.

### Petitioner's Response

Petitioner counters that Respondent's objections to the Special Master's award amount to a requirement that Petitioner prove entitlement to compensation rather than reasonable basis to file. To show feasibility of the claim at filing, Petitioner cites her consultation with an expert prior to filing, and his advice to proceed. Further, the medical records showed a diagnosis of RA within an arguably relevant timeframe. The vaccine package insert also was relevant to possible causation, as acknowledged by the Special Master. As to Respondent's argument that the Special Master did not cite to the medical records, Petitioner answers that the Special Master found other sources for reasonable basis to file, and reached her conclusions appropriately.

### Standard of Review

This Court has jurisdiction to review decisions of the Special Masters in accordance with 42 U.S.C. § 300aa-12(e)(1)-(2). The Court may set aside a Special Master's decision

only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 300aa-12(e)(2)(B). A Special Master's decision on the award of attorneys' fees to unsuccessful petitioners is discretionary, and thus is reviewed under an abuse of discretion standard. Saxton v. Sec'y Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993). If the Special Master "considered the relevant evidence, drew plausible inferences, and articulated a rational basis" for the decision on the award of attorneys' fees and costs, the Court will not find an abuse of discretion. Graham v. Sec'y of Health & Human Servs., 124 Fed. Cl. 574, 578 (2015) (quoting Masias v. Sec'y of Health & Human Servs., 634 F.3d 1283, 1290 (Fed. Cir. 2011)).

## Discussion

The Special Master in this case set out a clear rationale for finding reasonable basis for Petitioner's claim, describing the evidence upon which she relied for her conclusions. The "expert report" filed here was clearly inadequate to support entitlement. However, the Special Master found the expert's prefiling review of evidence to be not only persuasive in justifying filing, but also a desirable practice to save time and money in vaccine cases. Respondent objects to the Special Master's criticism of the timing of the reasonable basis challenge; however, the comment did not appear to factor into the award decision.

In order to find an abuse of discretion in the Special Master's award of fees in this case, a court would have to rule that a Special Master's decision was "clearly unreasonable," that it was based on an erroneous conclusion of law, "clearly erroneous," or that it contained no evidence on which the Special Master could have based her decision. Chuisano v. United States, 116 Fed. Cl 276, 284 (2014) (citing Murphy v. Sec'y Health & Human Servs., 30 Fed. Cl. 60, 61 (1993)). While the Court certainly supports the development of meaningful standards to discourage frivolous vaccine claims, that goal must be balanced against the public policy of encouraging access by vaccine petitioners to competent counsel. See Chuisano, 116 Fed. Cl. at 285 ("Congress recognized that having to shoulder attorneys' fees could deter victims of vaccine-related injuries from seeking redress" (quoting Cloer v. Sec'y Health & Human Servs., 675 F. 3d 1358, 1362 (Fed. Cir. 2012))). In this case, the Court cannot find that the Special Master's decision was clearly erroneous.

For these reasons, the Court finds that the Special Master acted within her discretion in awarding fees and costs, and the decision is hereby AFFIRMED. The Motion for Review is DENIED. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge